IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HOLLI TELFORD,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA LAND EXCHANGE, M. STOSICH, DOES REALTORS OF MONTANA LAND EXCHANGE, STAR VALLEY RANCH TOWN, DOES EMPLOYEES OF TOWN, and U.S. BANK,<br><br>Defendants. | CV 19-2-BU-BMM-JCL<br><br>ORDER |

## **I.** **Introduction**

Plaintiff Holli Telford, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. Teleford submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Telford's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Telford's lodged complaint as of the filing date of her request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Telford's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  Background

Telford filed a complaint which provides very limited factual information. She references a real estate transaction in which she was involved in 2006, and two different criminal prosecutions against her in 2006 and 2007 accusing her of

2

allegedly forging notary signatures apparently during the course of the real estate transaction. And she references numerous laws allegedly violated including five different federal laws, and seven different causes of action asserted under Montana common law. But Telford's allegations do not describe specific acts or omissions of any specific Defendant that she believes directly violated any of the laws she lists in her complaint. Thus, her pleading fails to allege any specific claim for relief against any Defendant identified in her pleading.

## **III.** **Discussion**

Because Telford is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Even with liberal construction of Telford's allegations, the Court concludes her allegations fail to expressly state any claim for relief. As presently pled,

Telford's allegations do not expressly state any cognizable and viable claim for relief.

Telford's complaint fails to comply with at least two provisions of the Federal Rules of Civil Procedure: Rules 8(a)(2) and 10(b). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Although the rules require only a short and plain statement, to establish liability for violation of any particular law the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff must present short, plain statements which concisely describe: (1) the federal or state law or right the plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to, or caused the violation of plaintiff's

rights protected under the referenced laws; and (5) what injury plaintiff suffered because of that defendant's conduct.

Here, Telford's allegations do not include the necessary short and plain factual statements asserting viable claims for relief against any person. Telford's vague, unspecific, and limited factual allegations make it impossible for the Court to determine whether she can state any valid legal claim, or whether her allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds.

Additionally, Telford's pleading must comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This permits the individual defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id*.

Based on the foregoing, and in view of Telford's pro se status, the Court will afford her an opportunity to file an amended complaint. In doing so, Telford's pleading must comply with Rules 8(a) and 10(b).

## **IV.** **Conclusion**

Based on the foregoing, the Court finds Telford's complaint, as presently pled, is subject to dismissal for failure to state a claim on which relief could be granted. But the Court will afford her an opportunity to file an amended pleading that conforms to the requirements of this order.

Therefore, IT IS ORDERED that on or before **February 8, 2019,** Telford shall file an amended complaint. The Clerk of Court is directed to provide her with a standard form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Telford's amended complaint shall set forth a short and plain statement of her claims against each individual defendant showing that she is entitled to relief.

At all times during the pendency of this action, Telford shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Telford is also advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 8th day of January, 2019.

Jeremiah C. Lynch
United States Magistrate Judge