FILED
9/25/2019

Clerk, U.S. District Court
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| HOLLI TELFORD,<br><br>        Plaintiff,<br>vs.<br><br>MONTANA LAND EXCHANGE, M. STOSICH, DOES REALTORS OF MONTANA LAND EXCHANGE, STAR VALLEY RANCH TOWN, DOES EMPLOYEES OF TOWN, AND U.S. BANK,<br><br>        Defendants. | **CV 19-2-BU-BMM-KLD**<br><br>**ORDER** |

Plaintiff Holli Telford (Telford) filed a complaint alleging that Defendants Montana Land Exchange, M. Stosich, Does Realtors of Montana Land Exchange, Star Valley Ranch Town, Does Employees of Town, and U.S. Bank (collectively Defendants) used the court system to steal her real and personal property. (Doc. 2). United States Magistrate Judge Jeremiah Lynch granted Telford leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (Doc. 6). Judge Lynch issued Findings and Recommendations on March 4, 2019, recommending that the case be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), and based on Telford's failure to file an amended complaint by the deadline. (Doc. 9).

Telford filed an amended complaint (Doc. 10) and objections to Judge Lynch's Findings and Recommendations. (Doc. 11). The Court issued an Order overruling the Findings and Recommendations to the extent that the Findings and Recommendations precluded review of Telford's amended complaint. (Doc.15). Judge Lynch issued a new set of Findings and Recommendations and recommended that the Court dismiss Telford's First Amended Complaint without leave to amend. (Doc. 16). Telford filed timely objections. (Doc 17, 19).

The Court now considers whether Telford's First Amended Complaint (Doc. 10) should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons articulated below, the Court adopts Judge Lynch's Findings and Recommendations in full.

The Court reviews de novo the portions of the Findings and Recommendations to which Telford objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error any portion to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**DISCUSSION**

Telford's objections fall into two broad categories: objections to Judge Lynch's analysis of her Racketeer Influenced and Corrupt Organizations Act (RICO) claim, and objections to Judge Lynch's determinations regarding the sufficiency of her complaint and recommended dismissal of her complaint. Telford's objections lack merit.

**A.    RICO Claim**

Judge Lynch correctly determined that Telford failed to plead facts sufficient to support a RICO claim. RICO makes it unlawful "for any person employed by or associated with any enterprise to conduct or participate in the conduct of such enterprise's affairs through . . . a pattern of racketeering activity." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160 (2001) (internal quotations and alterations omitted). The statute defines racketeering activity as the "commission of two or more statutorily defined crimes." *Id.*

The "enterprise" element of a RICO claim requires specific facts demonstrating two distinct entities: a "person" and an "enterprise." *Id.* RICO defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact

although not a legal entity." 18 U.S.C. § 1961(4).  Further, an enterprise must be "separate and apart from the pattern of activity in which it engages." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  Among other things, the statute requires that an enterprise possess a "common purpose." *Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007).

Judge Lynch systematically addressed the requirements of a RICO claim and correctly concluded that Telford's First Amended Complaint contained no specific facts plausibly supporting her claim.  Telford's First Amended Complaint alleges that Defendants engaged in a enterprise to accomplish illegal goals, including agreeing and conspiring to obtain Telford's properties. These conclusory statements do not plausibly support the notion that Defendants constituted an associated-in-fact enterprise.

Telford's First Amended Complaint also failed to allege facts demonstrating a common purpose or interest pursued by defendants aside from Telford's speculative statement that Defendants pursued "illegal goals."  Similarly, Telford's First Amended Complaint failed to identify how defendants engaged in enterprise conduct distinct from their ordinary business affairs.  Judge Lynch correctly concluded that Telford's RICO claim should be dismissed because her First

Amended Complaint does not contain facts that would plausibly support the elements of a RICO claim. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-97 (9th Cir. 2014).

**B.    Sufficiency of Pleadings and Dismissal**

Telford contends that the Court cannot sua sponte dismiss for failure to state a claim absent a motion by an opposing party. Judge Lynch recommended that Telford's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2)(B)(ii) plainly allows the Court to dismiss an action sua sponte. This provision states that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, the Court may "act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citations omitted). Judge Lynch did not err in dismissing Telford's claim in the absence of a motion from an opposing party.

Telford argues that Judge Lynch exalted form over substance in dismissing her claims "for abuse of process, conversion, and breach of the covenant of good faith and fair dealing." (Doc. 10 at 35). Telford provides no factual support for

5

these claims, and, therefore, Judge Lynch correctly dismissed these claims for failure to state a claim.

## CONCLUSION AND ORDER

The Court adopts Judge Lynch's Findings and Recommendations (Doc. 16) in full. The Court agrees with Judge Lynch that an amended pleading will not cure the deficiencies in Telford's First Amended Complaint.

Accordingly, **IT IS ORDERED**:

1. Telford's First Amended Complaint (Doc. 10) is **DISMISSED** without leave to amend.

2. The Clerk is directed to enter judgment accordingly.

DATED this 25th day of September, 2019.

_____
Brian Morris
United States District Court Judge