# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MONTANA, BUTTE DIVISION

| | | |
|---|---|---|
| HOLLI TELFORD | : | CIVIL NO. **CV 19-2-BU-BMM-KLD** |
| Plaintiff | : | **PLAINTIFF'S SECTION 144 AFFIDAVIT TO DISQUALIFY JUDGE** |
| v. | : | **BRIAN MORRIS FOR PERVASIVE PERSONAL BIAS AS SHOWN BY HIS CLEAR AVERSION AND** |
| MONTANA LAND EXCHANGE; | : | **HOSTILITY TOWARD PLAINTIFF** |
| THE ESTATE OF MICHAEL STOSICH; BOB YOUNG, | : | **AS A PRO SE LITGANT; HIS WHOLE-SALE FAILURE TO CONSIDER ANY** |
| FIRST AMERICAN CORP. aka FIRST AMERICAN TITLE INSURANCE aka | : | **OF PLAINTIFF'S ARGUMENTS AND PRESENTATION OF LIKE FEDERAL** |
| FIRST AMERICAN PROPERTY and CASUALTY INSURANCE AGENCY | | **CASES AND DECISIONS HOLDING THAT THE FACTS PRESENTED** |
| SOUTHERN MONTANA TITLE; VIVIAN DEHL; R. THOMAS BAILEY | : | **CLEARLY ESTABLISH RICO CONDUCT BY EVERY NAMED DEFENDANT, AND;** |
| M0TNAEJ INVESTMENTS; STAR VALLEY RANCH TOWN; | : | **AND HIS FAILURE TO ADDRESS THE REMAINDER FEDERAL CLAIMS** |
| SARA BENNETT, and DOES 1-10 INCLUSIVE | | **CITED BY PLAINTIFF AND ADVANCED IN HER COMPLAINT AND ARGUED** |
| Defendants | : | **IN OPPOSITION TO THE MAGISTRATE'S R & R** |
| _____ | | |

      COMES NOW Plaintiff to file this section 144 affidavit against Judge Brian Morris based on the pervasive bias shown by his "false and ommissive" assessment of the record which stronly suggests a collusion with the Defendants to deprive Plaintiff of her constitutional rights to judicial relief. In Liteky v. United States, 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (Held: "[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified if it appears that he or she harbors an aversion, hostility or disposition of a kind

that a fair-minded person could not set aside when judging the dispute").  A judge who manifests bias or prejudice or engages in harassment in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute. A judge must avoid words or conduct even in an order that may reasonably be perceived as manifesting bias or prejudice or engaging in harassment.  As provided under the judicial canons, harassment is verbal or physical conduct **that denigrates or shows hostility or aversion toward a person.   A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.**   Liteky v. United States, 510 U.S. 540, 555 (1994).   Also see IN RE: CHARGE OF JUDICIAL MISCONDUCT, No. 10-09-90051 (10th Cir. 2009) holding:

>Complainant implies that the judge has conspired with defendants in the underlying case to rule against complainant. **Allegations of conspiracy can state a valid claim for misconduct even when the alleged conspiracy relates to a judge's ruling, see Commentary to Misconduct Rule 3.**

See also  Davis v. Board of School Comm'rs of Mobile County, 517 F.2d  1051 (5th Cir. 1975) (discussing "pervasive bias" exception to the "extrajudicial source" doctrine), cert. denied, 425 U.S. 944 (1976)).   Evidence arising from judicial proceedings sufficient to justify recusal . . .is established   when the rulings of the court are clearly wrongful or inappropriate,"

Finally, Plaintiff just got out of jail due to a false suspension order of her license.  This affidavit will commence timely by this filing and be amended to a full affidavit before this court  next business day the court is opened.

State of Wyoming
County of Niobrara

### AFFIDAVIT OF HOLLI TELFORD

I,  HOLLI TELFORD, under oath declare as follows:

1.  I am the plaintiff in this matter.  I have personal knowledge of the facts herein stated and do competently attest thereto.

2.  My FAC presents the following the following federal causes of action:

(1)   Violations of the Federal Racketeering Act, 18 USC§§ 1961. et seq. (2) Violations of the Fair Housing Amendments Act under it's retaliatory and hostile housing provisions i.e. 42 U.S.C. § 3617 and 24 CFR § § 100.7(a)(1)(iii); (3) Violation of the federal common law tort of breach of the covenant of quiet enjoyment pursuant to 24 CFR § 100.600(a)(2); (4) Violations of section 504 of the Rehabilitation Act; (5) violations of section 1983 the class of one rule, and (6) Declaratory Decree under 28 USC 2201 to declare STOSICH contract void.

3.   There are also state law claims stated in my FAC and which are supported factually throughout the body of the FAC.

4.   On September 25, 2019, Judge Brian Morris summarily adopted the former Magistrate's R & R WITHOUT CONSIDERING ANY OF MY OBJECTIONS TO THAT R & R and which identified several cases asserting common fact patterns as mine and conclusions of law / Decisions wherein the co-ordinate federal courts clearly held that RICO claims were stated. Judge Morris appears to assert that other federal courts dont have a clue of what is required to establish a RICO claim.

5.   In this action, the former Magistrate judge before retiring from office, concluded that I was not able to state a RICO claim because the three groups of defendants conspiring with one another under an associated in fact enterprise were conducting "normal business" activities when they blatantly stole several real estate properties from me and/or overcharged for integral services attaching to the residential properties. Judge Morris has essentially denied me the right to a trial by jury under the seventh amendment by usurping a jury's duties to decide if the defendant's business conduct was normal or illegal. . . .sufficient to establish a criminal enterprise.

6.   In addition, he made no mention whatsoever of my five other stated federal claims; thus strongly suggesting that he never read my FAC.

7.   Also my responses to the R & R clearly showed that state law civil claims were clearly apparent from the FAC.

8.   I will be amending this section 144 affidavit within the next 24 hours in order to cite to the record to show that I stated enough facts in my FAC and supporting affidavits and objections to establish summary judgment liability in my favor.

I, HOLLI TELFORD ., state the foregoing is true and correct under penalty of perjury under the laws of the stateS of Wyoming and South Dakota

_____
HOLLI TELFORD

CAME BEFORE ME HOLLI TELFORD and acknowledged that she prpared and executed the foregoing section 144 affidavit.

Mandy Bruitt, deputy
Deputy clerk of the Court

4