**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOLLI TELFORD, | No. 19-35891 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00002-BMM-KLD |
| v. | |
| MONTANA LAND EXCHANGE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Holli Telford appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012).  We affirm.

The district court properly dismissed Telford's federal claims because Telford failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show she is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (setting forth elements of a Racketeer Influenced and Corrupt Organizations Act claim and the pleading requirements to show the existence of an enterprise); *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (a plaintiff who sues a local government for violation of a constitutional right must establish that the "local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation" (citation and internal quotation marks omitted)); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062-63 (9th Cir. 2004) (discussing pleading standard for Fair Housing Act ("FHA") retaliation claim); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (setting forth elements of a disability discrimination claim under § 504 of the Rehabilitation Act); 24 C.F.R. § 100.600(a) (providing that hostile environment harassment "because of" handicap may violate the FHA).

The district court properly dismissed Telford's state law claims in her seventh through eleventh causes of action because, for each claim, Telford failed to

give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original, citation and internal quotation marks omitted).

We reject as without merit Telford's contention that the district judge should have recused himself. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (the substantive standard for recusal under 28 U.S.C. § 144 is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

**AFFIRMED.**